25 F.3d 1040
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Tonya SHARPE; Patricia Warren; Donald W. Warren;
Priscilla Warren; R. Marie Sides, Plaintiffs-Appellants,
and
Patricia BONFANTI; State of North Carolina, ex rel. Lacy
H. Thornburg, Plaintiffs,
v.
AMERICAN FAMILY PUBLISHERS, Defendant-Appellee.
 No. 93-1580.
 United States Court of Appeals, Fourth Circuit.
 Argued Dec. 7, 1993.
Decided May 27, 1994.
 
 Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh. Terrence W. Boyle, District Judge. (CA-91-181-5-BO)
 Michael Carroll Warren, Durham, NC; J. Matthew Martin, Martin & Martin, P.A., Hillsborough, NC, for appellants.
 Michael P. Zweig, Loeb & Loeb, New York, NY, for appellee.
 R. Marie Sides, Durham, NC, for appellants.
 David B. Shontz, Terry J. Seligman, Loeb & Loeb, New York, NY; Robin K. Vinson, Samuel G. Thompson, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, Raleigh, NC, for appellees.
 E.D.N.C.
 AFFIRMED.
 Before WIDENER, PHILLIPS, and WILLIAMS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Several citizens of North Carolina who received certain mailings from American Family Publishers (AFP) brought this diversity action against the company for common law fraud and for violation of North Carolina's unfair and deceptive trade practices statutes. See N.C. Gen.Stat. Sec. 75-1 et seq. The district court granted AFP's motion for summary judgment and dismissed the claims. We affirm.
 
 
 2
 * American Family Publishers sponsors sweepstakes contests in North Carolina and many other states to promote its business of selling magazine subscriptions. As did many North Carolina residents, in December of 1990 each of the plaintiffs received a mailing from AFP inviting the recipient to enter the sweepstakes contest and to subscribe to various magazines. The front of the envelope read:
 
 
 3
 If you return the winning entry in time, I'll say: CONGRATULATIONS! YOU'RE ONE OF THE "NEW MILLIONAIRES," AND I'LL GIVE YOU YOUR PRIZE ON NBC TELEVISION!
 
 
 4
 JA 18. The words in regular print here were in black print on the envelope. The words in capital letters here were in red print and approximately twice as large as the words in black print. Similar language appeared on the back of the envelope and was visible through the envelope's window. The material inside the envelope explained that the winning number had already been selected and that the recipient had to return an entry card to find out whether she had won.
 
 
 5
 The plaintiffs brought this action against AFP on the grounds that the mailing constituted common law fraud and a violation of North Carolina's unfair and deceptive trade practice statutes, see N.C. Gen.Stat. Sec. 75-1.1 & -32.[1] The plaintiffs claim that they were entitled to substantial damages, including the ten million dollar grand prize and time and money spent returning the entry card, as a result of misrepresentations in the AFP mailing that they had won the contest.
 
 
 6
 In its answer, AFP raised numerous defenses, among them a charge that North Carolina's unfair trade practice statutes violate federal and state constitutional freedom of speech and due process rights. Pursuant to 28 U.S.C. Sec. 2403(b), the State of North Carolina intervened to defend the constitutionality of its statutes. The State also sought enforcement of the statutes through injunctive relief and civil penalties under the district court's supplemental jurisdiction.
 
 
 7
 North Carolina moved for summary judgment on its injunction claim, and AFP moved for summary judgment on the individual plaintiffs' claims. The district court granted AFP's motion for summary judgment on the plaintiffs' statutory unfair trade practice and common law fraud claims, but granted the injunctive relief requested by the State. The district court found that the language on the outside of the envelope and visible through its window violated the act, but that the plaintiffs had failed to forecast sufficient evidence of actual injury to recover under either a fraud or unfair trade practice theory. AFP initially sought reconsideration of the district court's order, but eventually reached a settlement with the State.[2] The individual plain tiffs, however, have appealed, claiming that the district court erred in dismissing their fraud and unfair trade practices claims.
 
 II
 
 8
 We review de novo the district court's grant of summary judgment.
 
 
 9
 The plaintiffs challenge the district court's finding that they failed to forecast sufficient evidence of actual damages. We affirm the district court's grant of summary judgment, but on alternative grounds.[3] On their fraud claim, the plaintiffs' proffered evidence fails to show that a reasonable person would rely on the representations made in the AFP mailing. With respect to their statutory unfair trade practice claim, the plaintiffs failed to forecast sufficient evidence that any actual injury was proximately caused by a violation of Chapter 75.
 
 
 10
 An essential element of actionable fraud is reasonable reliance by the plaintiff on the alleged misrepresentation. Myers & Chapman, Inc. v. Thomas G. Evans, Inc., 374 S.E.2d 385, 391 (N.C.1988). Assuming the envelope contained a false representation that the addressee had won the contest, the plaintiffs cannot establish that they reasonably relied on that representation because the contents of the envelope explained that the addressee had to return the entry card to discover whether she had won the contest. Considering the AFP mailing as a whole, it did not contain misrepresentations upon which the plaintiffs reasonably could have relied. Thus the plaintiffs failed to forecast sufficient evidence of an essential element of their fraud claim.
 
 
 11
 To establish a prima facie case under Sec. 75-16, the plaintiffs must proffer evidence not only of a violation of Chapter 75, but also that they suffered actual injury as a proximate cause of that violation. Pearce v. American Defender Life Ins. Co., 343 S.E.2d 174, 180 (N.C.1986) ("[T]he second requisite to making out a claim under this statute is similar to the detrimental reliance requirement under a fraud claim. It must be shown that the plaintiff suffered actual injury as a proximate result of defendant's deceptive statement or misrepresentation."). Assuming for purposes of this appeal that the language on the AFP envelope constituted a deceptive trade practice under North Carolina law, see N.C. Gen.Stat. Sec. 75-35, that violation was not the proximate cause of any injury that the plaintiffs may have suffered. After opening and reading the contents of the envelope (as the plaintiffs must have done to return the entry card), they could not have reasonably believed they had won the contest. The contents of the envelope explained that the addressee was only a potential winner, and so any actual injury alleged by the plaintiffs was not proximately caused by a violation of Chapter 75. As proximate cause is an essential element of a Sec. 75-16 claim, the district court properly granted summary judgment for AFP on the plaintiffs' statutory claim.
 
 AFFIRMED
 
 
 [1]
 N.C. Gen.Stat. Sec. 75-16 authorizes a private cause of action to recover damages proximately caused by violations of Chapter 75
 
 
 [2]
 The State is not a party to this appeal. The terms of the settlement provide, in part:
 Defendant American Family Publishers is enjoined from using, on or visible through its envelopes mailed to addresses in North Carolina, language of congratulation or other prizewinning declarations which, when considered in context (including emphasis in print size, color, and presentation and language of condition or qualification) represents that the recipient of the envelope has won a prize.
 
 
 [3]
 This court may affirm on any basis properly raised in the lower court. See McMahan v. International Ass'n of Bridge, Structural & Ornamental Iron Workers, 964 F.2d 1462, 1467 (4th Cir.1992) (court may "affirm a judgment for any reasons appearing on the record below"). The district court's order reveals that it considered the issue of reasonable reliance:
 While the printed representations on the envelope would reasonably lead a person to believe that he is a contest winner, a reading of the contents of the envelope explains that he is only a potential winner of the contest.... It is undisputed that none of the plaintiffs did win the contest. Furthermore, the materials inside the envelope were sufficiently clear that no plaintiff could reasonably rely on these in incurring damages on a supposed belief that he was already the winner of the contest.
 Sharpe v. American Family Publishers, No. 91-181-CIV-5-BO (E.D.N.C. Mar. 29, 1993) (order). AFP also raised the issue in its answer.