21-2143-cv
Bryan v. Fleetbank N.A.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of October, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> JOHN M. WALKER, JR.,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Andres C. Bryan,

> *Plaintiff-Appellant,*

v.                                                      21-2143

Fleetbank N.A., Department of Finance, Tampa, Florida,

> *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:                Andres C. Bryan, pro se,
                                                                Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:                No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J*.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED.**

Appellant Andres Bryan, proceeding pro se, appeals the district court's judgment dismissing his complaint *sua sponte* as frivolous. Bryan alleged that he had won $11 million from American Family Publishers ("AFP") in 1998 and had not been paid, and he sought payment of those winnings. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

District courts have inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). We have not yet decided whether such dismissalss are reviewed de novo or for abuse of discretion, but it is not necessary to decide that issue if, as here, "the District Court's decision easily passes muster under the more rigorous *de novo* review." *Id*. at 364 n.2.

An action is frivolous if it lacks an arguable basis in law or fact—that is, where it is "based on an indisputably meritless legal theory" or presents "factual contentions [that] are clearly baseless." *Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is "deemed to include any written instrument attached to it as an exhibit." *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (internal quotation marks omitted). Factual allegations in the complaint are generally assumed to be true, *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009), and pro se filings "must be construed liberally and interpreted to raise the strongest arguments that they suggest," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and emphasis omitted).

We agree with the district court that the principal allegation underlying Bryan's claim—that he won AFP's $11 million prize—is contradicted by the mailings attached to the complaint, which show that the prize was conditioned on the number assigned to Bryan in the mailings matching a "secretly preselected winning number." Although Bryan alleged that he was informed that he was the "winner" and that he had the "winning number," he appears to be referring only to those mailings, and he does not allege that his number also matched the "secretly preselected winning number." Although, as noted above, factual allegations are generally assumed to be true, the court was not required to credit allegations that were "contradicted by . . . documentary evidence" attached to the complaint. *L-7 Designs*, 647 F.3d at 422; *see Blue Tree Hotels Inv. (Canada), Ltd. v. Starwood Hotels & Resorts Worldwide, Inc.*, 369 F.3d 212, 222 (2d Cir. 2004) (declining to draw inference "belied" by letters attached to the complaint).

Nor could it be inferred from this complaint, given the conditional language in the attached mailings, that Bryan reasonably believed that he had won. *Cf. Sharpe v. Am. Fam. Publishers*, 25 F.3d 1040, 1994 WL 224180 (4th Cir. 1994) (unpublished disposition) (even assuming AFP mailer's envelope falsely represented that the addressee had won a contest, plaintiffs could not have reasonably relied on that misrepresentation where the enclosed documents "explained that the addressee had to return the entry card to discover whether she had won the contest"). Bryan also alleged that he had a conversation with Dick Clark, but Clark's alleged statements—that "he's the one" and "the lady will take care of you"—were vague, and do not reflect a promise to Bryan.

In any event, even if Bryan had plausibly alleged the existence of an agreement to pay him $11 million and other necessary elements of a breach-of-contract claim, and regardless of whether New York or Florida law applied, such a claim would be time-barred. *See Freedom Holdings, Inc. v. Spitzer*, 408 F.3d 112, 114 (2d Cir. 2005) ("[W]e may affirm on any ground supported by the record." (internal quotation marks omitted)); *see also Pino v. Ryan*, 49 F.3d 51, 53–54 (2d Cir. 1995) (holding that a court may dismiss a complaint *sua sponte* as time-barred if that defense is clear from the face of the complaint). The events in question occurred in 1998. The statute of limitations on a New York contract claim is six years; in Florida, it is five years. *See* N.Y. C.P.L.R. § 213(2); Fla. Stat. § 95.11(2)(b). The statute of limitations would be the same or even shorter if the complaint were construed to raise a fraud claim. *See* N.Y. C.P.L.R. § 213(8) (six years); Fla. Stat. § 95.11(3)(j) (four years). Accordingly, at the latest, Bryan would have had to file his complaint in 2004, and his 2021 complaint was untimely by many years.

We have considered Bryan's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4