11-18-cv
Webster v. Kovacevich

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 19th day of January, two thousand twelve.

PRESENT:
> RALPH K. WINTER,
> ROBERT A. KATZMANN,
> GERARD E. LYNCH,
> *Circuit Judges.*

_____

SCOTT E. WEBSTER, JEAN ALLEN WEBSTER,

> *Plaintiffs-Appellant*s,

> v.                                                                              11-18-cv

DOMINIQUE PENZETTA, DARLEEN V. KARASZEWSKI, and STEVEN J. BAUM, PC,

> *Defendants-Appellees*,

3467 STATEVIEW BOULEVARD, SEAN NICK, JOHN GUTTRIDGE, ANDREW P. O'ROURKE, JSC, RICHARD M. KOVACEVICH, CEO, WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Home Mortgage, Inc., MARCIA FRANCIS, JOHN BALDWIN, SEAN NIX, AFFORDABLE FINANCIAL SERVICES, RIVER CITY ABSTRACT, JOHN DOE, being persons unknown, if any, who abetted, individually, or in concert, with any of the above named defendants in the acts being complained in this action as defendants, and FELIX DOE, JR., being persons unknown, if any, who abetted, individually, or in concert, with any of the above named defendants in the acts being complained in this action as defendants,

> *Defendants.*\*

_____

> \* We direct the Clerk of the Court to amend the official caption as noted.

FOR PLAINTIFFS-APPELLANTS:            Scott E. Webster, Jean Allen Webster, *pro se*, Dugspur, VA.

FOR DEFENDANT-APPELLEE
DOMINICK PENZETTA:                    Lisa L. Shrewsberry, Traub, Lieberman, Straus & Shrewsberry, LLP, Hawthorne, NY.

FOR DEFENDANTS-APPELLEES
DARLEEN V. KARASZEWSKI &
STEVEN J. BAUM, PC:                   Thomas Arthur Leghorn, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Preska, *C.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Scott and Jean Webster, proceeding *pro se*, appeal from the district court's December 23, 2009 Memorandum and Order dismissing their complaint in its entirety with prejudice. We assume the parties' familiarity with the underlying facts and procedural history of this case.

"We review dismissal of a cause of action under Fed. R. Civ. P. 12(b)(1) or 12(b)(6) *de novo*." *Jaghory v. New York State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997). Dismissal of a case for lack of subject matter jurisdiction under Rule 12(b)(1) is proper "when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). To survive a Rule 12(b)(6) motion to dismiss, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

We have conducted a *de novo* review of the record in light of these standards and now affirm for substantially the same reasons set forth in the district court's thorough and well-reasoned Memorandum and Order. The district court correctly applied the *Rooker-Feldman* doctrine in holding that it lacked subject matter jurisdiction over the claims in the complaint that effectively sought federal court review of a previous state court judgment of foreclosure. *See generally* 544 U.S. 280; *see also Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-84 n.16 (1983); *Rooker v. Fidelity Trust Co.* 263 U.S. 413, 415-16 (1923). The district court also correctly concluded that the remaining claims were implausible under the standards set forth in *Twombly*, 550 U.S. at 570, and *Iqbal*, 129 S. Ct. at 1949. Nor did the district court abuse its discretion in denying the Websters' request to amend their complaint, properly concluding that amendment in this case would be futile. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.").

The Websters also argue that the district court improperly dismissed their complaint before all of the defendants had filed responsive pleadings. A district court has inherent authority to dismiss meritless claims *sua sponte*, even when a plaintiff has paid his filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam). Moreover, where a plaintiff proceeds *in forma pauperis*, as in this case, dismissal of frivolous claims is mandatory under 28 U.S.C. § 1915(e)(2)(b)(1). Thus, the district court plainly did not err in dismissing the Websters' meritless claims.

Finally, we review the district court's denial of the Websters' recusal motion for abuse of discretion. *See United States v. Morrison*, 153 F.3d 34, 48 (2d Cir. 1998). "[J]udicial rulings

3

alone almost never constitute valid basis for a bias or partiality recusal motion[,] . . . [and] opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). The Websters' recusal motion below, as well as their arguments before this Court, are premised primarily on the district court's show-cause order, which they characterize as a motion to dismiss filed by the district court judge on behalf of the non-appearing defendants. Because the district court's decision to issue its show-cause order was entirely proper, the Websters' argument is frivolous.

We have considered all of the Websters' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4