16-837-cv
Annan v. New York State Department of Motor Vehicles, et al.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of November, two thousand sixteen.

PRESENT:
JOHN M. WALKER, JR.,
PETER W. HALL,
DENNY CHIN,
*Circuit Judges*.

_____

Ibrahim Annan,

*Plaintiff-Appellant*,

v.                                                                                    16-837-cv

New York State Department of Motor
Vehicles et al.,

*Defendants-Appellees*.

_____

FOR APPELLANT:                        Ibrahim Annan, *pro se*, Staten Island, NY.

FOR NEW YORK STATE APPELLEES:    David Lawrence III, Steven C. Wu, and Barbara D. Underwood, New York State Office of the Attorney General, New York, NY.

FOR NEW YORK CITY APPELLEES:      Ingrid Gustafson and Zachary W. Carter, New York City Law Department, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Ibrahim Annan, proceeding *pro se*, appeals from the district court's dismissal of his complaint, which the court liberally construed as asserting claims under 42 U.S.C. § 1983. Annan alleged that the New York State Department of Motor Vehicles ("DMV"), various DMV officials, and a New York City police officer violated his constitutional right to travel by issuing and adjudicating several traffic tickets, which resulted in the suspension of his driver's license. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review dismissals pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) *de novo*. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002); *Cayuga Nation v. Tanner*, 824 F.3d 321, 327 (2d Cir. 2016). To survive a motion to dismiss under Rule 12(b)(6), the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim will have "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citation omitted). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," and pleadings that "are no more than conclusions[] are not entitled to the assumption of truth." *Id.* at 678–79

2

(internal citation omitted). We have not yet addressed whether we review *de novo* or for abuse of discretion a district court's *sua sponte* dismissal of a complaint for frivolousness where the litigant has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 & n.2 (2d Cir. 2000). We need not reach that issue here because the district court's decision "passes muster under the more rigorous *de novo* review." *See id*. at 364 n.2. A claim is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Upon review, we find no error in the district court's dismissal of Annan's complaint without leave to amend, because, for the reasons stated in the district court's order, sovereign immunity barred the majority of Annan's claims, his remaining allegations failed to state a claim, and an amendment would have been futile. Accordingly, we affirm for substantially the reasons set forth by the district court in its thorough and well-reasoned order.

We have considered Annan's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3