*Chapdelaine v. Town of Eastford*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of September, two thousand seventeen.

**PRESENT:**
> **ROBERT D. SACK,**
> **PETER W. HALL,**
> **CHRISTOPHER F. DRONEY,**
> *Circuit Judges.*

---

Darlene Anne Chapdelaine,

> *Plaintiff - Appellant*,

v.                                                                                          16-3109

Town of Eastford, its officials, Inland Wetlands Watercourse Commission, Town of Eastford, Thomas DeJohn, Denis Day, Marcia Day, Mary Duncan, John Revill, Robert Torcellini, Craig Whitehouse, Christopher Whitehouse, Sr., Amy Whitehouse, Deborah Lee, Georgianne Copley, Claudia Hixson, Brenda Willis, Daniel Belanger, Rhonda Belanger, Cecelia Vaida, Arthur Brodeur, Allan Platt, Adrian Genovesio, Diana Drake, Mark Branse, (Color of Law and Privately), Christopher Bowen, (Color of Law and Privately),

> *Defendants - Appellees*,

Gary Warren, Deborah Torcellini, Paul Torcellini, Julia Torcellini, Rebecca Whitehouse, Raymond Whitehouse, Karen Butts, Robert Willis, Paul Vaida, Raymond Green, Kenneth Andersen, Angelo dos Santos, Honorable Judge, John Boland, Honorable Judge, Michael Riley, Honorable Judge, Marshall K. Berger, Honorable Judge, Branse Willis and Knapp, LLP,

*Defendants.*

FOR PLAINTIFF-APPELLANT: DARLENE ANNE CHAPDELAINE, pro se, Dayville, CT.

FOR DEFENDANTS-APPELLEES: CLAUDIA A. BAIO, Howard Kohn Sprague & FitzGerald, Hartford, CT; Robert W. Cassot, Morrison Mahoney LLP, Hartford, CT; Kerry R. Callahan, Updike, Kelly & Spellacy, P.C., Hartford, CT; Mary Duncan, pro se, Sun City Center, FL.

Appeal from a judgment of the United States District Court for the District of Connecticut (Shea, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Darlene Anne Chapdelaine, pro se, sued the Town of Eastford, Connecticut ("Town"), the Inland Wetlands Watercourse Commission ("IWWC"), four Connecticut state court judges ("judicial defendants"), and Town residents and local officials. She asserted, *inter alia*, that the defendants conspired to prevent her from expanding the barn on her property, in violation of 42 U.S.C. §§ 1981, 1983, and state law. The district court dismissed Chapdelaine's claims against the judicial defendants on the grounds that those were immune from suit, and from dismissal of her claims against the remaining defendants as time-barred or for failure to state a claim. Chapdelaine now appeals that order. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

District courts have an inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam) (for frivolousness). Although we have not resolved whether such dismissals are reviewed *de novo* or for abuse of discretion, we need not reach the

issue here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Id.*

Upon review, we conclude that Chapdelaine's claims against the Town and the IWWC are untimely because the events giving rise to the claims occurred in 2010 and 2011, and she filed her complaint in 2015, more than three years after the cause of action accrued.[1] *See Walker v. Jastremski*, 159 F.3d 117, 119 (2d Cir. 1998) (per curiam) (statute of limitations for a § 1983 action in Connecticut is three years). Chapdelaine's claims do not fall within the continuing violation doctrine because the Town "engaged in enough activity to make out an actionable claim" in 2011. *Gonzalez v. Hasty*, 802 F.3d 212, 220 (2d Cir. 2015) (citation, internal quotation marks, and ellipses omitted); *see also Smith v. Campbell*, 782 F.3d 93, 100 (2d Cir. 2015) (claim accrues when a plaintiff has a "complete and present cause of action," even if "the full extent of the injury is not then known or predictable") (internal quotation marks omitted).

Though the district court did not explicitly address Chapdelaine's § 1981 claim, it was properly dismissed because Chapdelaine did not allege racial animus. *See Mian v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 7 F.3d 1085, 1087 (2d Cir. 1993) (per curiam).

The claims against the judicial defendants were properly dismissed because they had absolute immunity from damages suits for actions taken in their judicial capacities, and they did not act in the "clear absence of all jurisdiction." *Tucker v. Outwater*, 118 F.3d 930, 933 (2d Cir. 1997) (internal citations, internal quotation marks, and emphasis omitted). And Chapdelaine could not seek injunctive relief from the judicial defendants because she did not allege that they violated a previous declaratory judgment or that declaratory relief was unavailable. *See* 42 U.S.C. § 1983 ("[I]n any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree

---

[1] Though Chapdelaine filed a complaint in her earlier federal action on October 14, 2014, that complaint was voluntarily withdrawn, and in any event her claims in that complaint were still untimely.

was violated or declaratory relief was unavailable.").

The claims against the private-actor defendants, including the allegations of harassment, were properly dismissed because Chapdelaine did not plausibly allege that they acted in concert with the Town or Town officials. *Ciambriello v. Cty. of Nassau*, 292 F.3d 307, 324–25 (2d Cir. 2002) (conclusory allegations of a § 1983 conspiracy are insufficient).

Chapdelaine's claims against the local officials fail regardless of whether she brought them against the officials in their personal or in their official capacities. If she sued them in their official capacities, she needed to allege that the Town had a policy or custom that caused the constitutional deprivation. *See Goldberg v. Town of Rocky Hill*, 973 F.2d 70, 73 (2d Cir. 1992). She alleges only that they *had* a policy or custom and acted pursuant to it; she does not plausibly allege what that policy was or how it caused her constitutional deprivations. *See Ying Jing Gan v. City of New York*, 996 F.2d 522, 536 (2d Cir. 1993) (stating that a plaintiff cannot assert a municipal policy or custom without alleging facts supporting the contention that the challenged acts were related to the policy or custom).

If on the other hand Chapdelaine sued the officials in their personal capacities, it was not necessary for her to allege a policy or practice. She failed, however, to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S 662, 678 (2009). She claims that one local official testified against her in state court and unlawfully inspected her property from a nearby nature trail. These claims fails because witnesses who testify at judicial proceedings are immune from suit, *see Briscoe v. LaHue*, 460 U.S. 325, 335 (1983), *accord Rolon v. Henneman*, 517 F.3d 140, 145–47 (2d Cir. 2008), and Chapdelaine did not plausibly allege that the local official conspired to give false testimony, *see Dory v. Ryan*, 25 F.3d 81, 84 (2d Cir. 1994). And Chapdelaine does not have a reasonable expectation of privacy that protects against the defendant's observation of her

4

property from nearby public property, *see Palmieri v. Lynch*, 392 F.3d 73, 81–83 (2d Cir. 2004).

She also asserts an equal protection class-of-one claim. The claim, however, is time barred because it is based on an action that took place more than three years before she filed her complaint. *See Walker*, 159 F.3d at 119.

We review a district court's decision not to exercise supplemental jurisdiction for abuse of discretion. *See Valencia ex rel. Franco v. Lee*, 316 F.3d 299, 305 (2d Cir. 2003). Because Chapdelaine did not state a federal claim, we conclude that the district court did not abuse its discretion by not exercising supplemental jurisdiction over her state law claims.

We have considered all of Chapdelaine's other arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk