19-584-cv
*Rolle v. St. George*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of November, two thousand twenty.

PRESENT: AMALYA L. KEARSE,
GERARD E. LYNCH,
WILLIAM J. NARDINI,
*Circuit Judges.*

_____

NEHEMIAH ROLLE, JR.,

*Plaintiff-Appellant*,

v.                                                                              No. 19-584

NORMAN ST. GEORGE,

*Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:      NEHEMIAH ROLLE, JR., *pro se*, New York, NY.

FOR DEFENDANT-APPELLEE:      DAVID LAWRENCE III, Assistant Solicitor General (Barbara D. Underwood, Solicitor General, and Anisha S. Dasgupta, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General, State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Ann M. Donnelly, *J.*; Lois Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court entered on February 8, 2019, dismissing appellant's complaint, is **AFFIRMED**.

Appellant Nehemiah Rolle, Jr., proceeding *pro se*, sued Nassau County District Administrative Judge Norman St. George for allegedly violating Rolle's constitutional rights. The district court *sua sponte* dismissed the complaint as frivolous and ordered Rolle to show cause why the court should not impose a filing injunction. After the judgment was entered and Rolle filed a notice of appeal, the district court granted Rolle five extensions of time to file a response to the court's order to show cause. The district court then imposed a filing injunction. We assume the parties' familiarity with the record.[1]

A district court has inherent authority *sua sponte* to dismiss a complaint as frivolous, even when the litigant is not proceeding *in forma pauperis*. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Although we have not yet decided whether we review a district court's exercise of this authority *de novo* or for abuse of discretion, we need not do so here, where the district court's decision "easily passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2. An action is "frivolous" when: "(1) the factual contentions are clearly

---

[1]     Rolle moves this Court for leave to file an untimely reply brief and appendix, and to strike the appellee's brief. The motion for leave to file is GRANTED, and the motion to strike is DENIED.

2

baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). We afford a *pro se* litigant "special solicitude" by interpreting his complaint "to raise the strongest claims that it suggests." *Hill v. Curcione*, 657 F.3d 116, 122 (2d Cir. 2011) (internal alterations and quotation marks omitted).

Although Rolle's complaint principally alleged that Judge St. George violated Rolle's constitutional rights by failing to dismiss traffic tickets, Rolle's appeal does not challenge the district court's dismissal of these claims. We therefore construe any objection to the district court's disposition of them as abandoned and decline to review them further. *See LoSacco v. City of Middletown*, 71 F.3d 88, 92–93 (2d Cir. 1995) (finding that the *pro se* litigant abandoned an issue by failing to raise it in his appellate brief).

Instead, Rolle alleges new facts and argues that the district court erred in dismissing a different claim—that Rolle mailed Judge St. George a "letter of complaint" about the conduct of one of the judge's colleagues and, in response, Judge St. George called NAACP leaders and made false statements intended to harm Rolle's reputation. Although the complaint could be construed to contain a hint of such a claim—alleging that Judge St. George "engag[ed] in willful[] acts of slander and defamation and perjurious utterances and actions against [Rolle] that were false . . . to destroy [Rolle's] reputation and to injur[e Rolle] as an NAACP member who made a valid complaint[]"—these vague and conclusory allegations were included in the same sentence as allegations that appeared to concern Judge St. George's disposition of Rolle's traffic tickets matter. The district court read the complaint to assert claims arising only out of actions Judge St. George

3

took in his judicial capacity in the course of the traffic tickets matter. While we are mindful of the liberal construction owed to *pro se* complaints, that was not error. Nor did the district court abuse its discretion in dismissing the complaint without granting leave to replead a First Amendment retaliation claim that became evident only on appeal. *See Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185–86 (2d Cir. 2012) (denial of leave to amend is reviewed for abuse of discretion).

Rolle's judicial bias claims against the district judge and magistrate judge, which are based entirely on adverse decisions and the race and putative religion of each judge, are meritless. *See Chen v. Chen Qualified Settlement Fund*, 552 F.3d 218, 227 (2d Cir. 2009) (adverse decisions, without more, are not sufficient to establish judicial bias). We decline to consider Rolle's allegations, raised for the first time on appeal, that the district judge has "stolen" money from him, that the magistrate judge has made "illegal" rulings in other actions, or that other judges in the Eastern District of New York have violated his constitutional rights. *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016); *Greene v. United States*, 13 F.3d 577, 586 (2d Cir. 1994) ("[I]t is a well-established general rule that an appellate court will not consider an issue raised for the first time on appeal."). And contrary to Rolle's argument, his consent was not required for a magistrate judge to grant Judge St. George's motion for an extension of time. *See* Fed. R. Civ. P. 6(b), 72; *see also* 28 U.S.C. § 636(b)(1)(A).

Finally, we lack jurisdiction to review Rolle's challenge to the filing injunction. *See* Fed. R. App. P. 3(c)(1)(B) (a notice of appeal must "designate the judgment, order, or part thereof being appealed"); *Gonzalez v. Thaler*, 565 U.S. 134, 147 (2012) ("Rule 3's dictates are jurisdictional in

4

nature." (quoting *Smith v. Barry*, 502 U.S. 244, 248 (1992))).  Rolle filed only one notice of appeal, in March 2019, which specified that he appealed from the district court's February 2019 order and judgment.  Nothing in the notice of appeal indicates an intent to appeal from a future ruling on a filing injunction, which the district court did not make until July 2019.  *Cf. Swatch Group Mgmt. Servs. v. Bloomberg L.P.*, 756 F.3d 73, 93 (2d Cir. 2014) (holding that a notice of appeal could not be "reasonably read . . . to contemplate review of an order that did not issue until nearly two months afterwards").  And no subsequent notice of appeal was filed.

We have considered all of Rolle's arguments and find them to be without merit. Accordingly, we **GRANT** the motion to file an untimely reply brief and appendix, **DENY** the motion to strike, and **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5