221 F.3d 362 (2nd Cir. 2000)
 THOMAS FITZGERALD, PLAINTIFF-APPELLANT,
v.
FIRST EAST SEVENTH STREET TENANTS CORP., ALLEN BRILL, KELLY GIGANTE, DIANNE GASWORTH, STEPHEN ROXBURGH, WILLIE VIERA, CIVIL COURT OF THE CITY OF NEW YORK, NEW YORK CITY HOUSING PRESERVATION DEP'T, DIVISION OF HOUSING & COMMUNITY RENEWAL, AND NEW YORK CITY BUILDINGS DEP'T, DEFENDANTS-APPELLEES.
 Docket No. 99-9160
August Term, 1999
 UNITED STATES COURT OF APPEALS,
SECOND CIRCUIT.
 Argued: June 7, 2000
Decided: July 27, 2000
 
 1
 Appeal from a judgment of the United States District Court for the Southern District of New York (John F. Keenan, Judge), dismissing sua sponte plaintiff's pro se action under 42 U.S.C. § 1983, the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1961 et seq., and various other state and federal provisions. We conclude that the District Court possessed the authority to dismiss the action sua sponte, notwithstanding the fact that plaintiff had paid the required filing fee when he initiated the action.
 
 
 2
 Affirmed.
 
 
 3
 Thomas Fitzgerald, pro se, New York, Ny.
 
 
 4
 Allen H. Brill, Brill & Meisel, New York, Ny, for Defendants-Appellees First East Seventh Street Tenants Corp., Allen Brill, Kelly Gigante, Stephen Roxburgh, and Willie Viera.
 
 
 5
 Alan G. Krams, Assistant Corporation Counsel, City of New York Law Dep't, New York, Ny, for the City Defendants-Appellees.
 
 
 6
 Charles F. Sanders, Assistant Attorney General of the State of New York (Eliot Spitzer, Attorney General; Edward Johnson, Deputy Solicitor General; Michael S. Belohlavek, Assistant Solicitor General, on the brief), New York, Ny, for the State Defendants- Appellees.
 
 
 7
 Before: Walker and Cabranes, Circuit Judges, and Hodges, District Judge.*
 
 Per Curiam
 
 8
 Plaintiff Thomas Fitzgerald initiated this pro se action on July 29, 1999, remitting the required $150 fee upon filing his complaint. Fitzgerald contends that defendants "began a speculative venture with the intent to illegally function as an apartment coop[e]rative." Defendants allegedly "dec[ei]ved plaintiff by issuing him a `proprietary lease' and a share certificate for 4 shares," and then, after Fitzgerald had discovered the plan and refused to cooperate, "through a series of individual and separate acts involving fraud, mail fraud, fraud on the court, extortion, bribery, [and] abuse of process, conspired to deny plaintiff his property rights and his due process rights, and to coerce him into accepting membership in an illegal apartment cooperative or to evict him from the building." The complaint includes, inter alia, claims under 42 U.S.C. § 1983 and the Racketeer Influenced Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961 et seq.
 
 
 9
 Defendants neither answered nor formally moved to dismiss the complaint. Instead, they sent a letter to the District Court (John F. Keenan, Judge) explaining that "each of the allegations and claims set forth in the complaint w[as] contained in previous actions filed in this Court by Mr. Fitzgerald." Defendants therefore requested that "the Court dismiss the instant action sua sponte against all defendants." In an Opinion and Order dated August 31, 1999, the Court granted this request.
 
 
 10
 The District Court noted at the outset that the instant action is the third that Fitzgerald has initiated in the Southern District "stemming from the alleged wrongful conversion of an apartment house at 254 East 7th Street into cooperative apartments." Fitzgerald v. First East Seventh St. Tenants Corp., No. 99 CIV. 6051, 1999 WL 675996, at *1 (S.D.N.Y. Aug. 31, 1999). The first action was dismissed sua sponte by Judge Louis L. Stanton for lack of subject matter jurisdiction. See id. (citing Fitzgerald v. Abrams, No. 93 Civ. 8229 (S.D.N.Y. Jan. 13, 1994)). Though Judge Stanton granted leave to replead within twenty-one days, Fitzgerald failed to do so. Instead, he brought another action over two years later, "again based on the conversion of the East 7th Street apartment house into cooperative apartments and events stemming therefrom." Id. Judge Loretta A. Preska sua sponte dismissed the second complaint as frivolous; again, leave to replead within twenty-one days was afforded, and again Fitzgerald failed to take advantage of the opportunity. See id. (citing Fitzgerald v. First East Seventh St. Tenants Corp., No. 96 CIV. 0126 (S.D.N.Y. Mar. 15, 1996)). Instead, he waited over three additional years before filing the instant complaint.
 
 
 11
 Observing that Fitzgerald "again repeats the allegations contained in his two prior federal actions based on the same conversion of an apartment house at 254 East 7th Street into cooperative apartments," the District Court found that Fitzgerald "is merely reasserting claims already dismissed as frivolous." Id. Stating that a "district court in the Second Circuit may sua sponte dismiss a complaint even if the plaintiff has paid the filing fee," the Court exercised what it believed to be its authority and dismissed the complaint as frivolous. Id.
 
 
 12
 We conclude that the District Court properly determined that it possessed the power to dismiss the instant action sua sponte, notwithstanding the fact that Fitzgerald had paid the $150 filing fee rather than requesting permission to proceed in forma pauperis. If Fitzgerald had sought to proceed in forma pauperis, dismissal would have been mandatory under 28 U.S.C. § 1915(e)(2). We previously have found-in a case where the unrepresented appellant paid the normal filing fee-that, even in the absence of the statutory authority provided by § 1915 with respect to parties proceeding in forma pauperis, the Court of Appeals would have inherent authority to dismiss a frivolous appeal. See Pillay v. INS, 45 F.3d 14, 16-17 (2d Cir. 1995) (per curiam).[1] The Pillay decision relied in part on Mallard v. United States District Court, 490 U.S. 296 (1989), in which the Supreme Court stated that "`Section 1915(d) . . . authorizes courts to dismiss a frivolous or malicious action, but there is little doubt they would have power to do so even in the absence of this statutory provision.'" Pillay, 45 F.3d at 16 (quoting Mallard, 490 U.S. at 307-08 (internal quotation marks omitted) (emphasis added)). This statement in Mallard, quoted in Pillay, draws no distinction between district courts and courts of appeal, and we see no reason to differentiate in this regard between the powers of trial and appellate courts. District courts and courts of appeal are equally capable of determining when an action is frivolous. Indeed, as courts of first instance, district courts are especially likely to be exposed to frivolous actions, and thus have an even greater need for inherent authority to dismiss such actions quickly in order to preserve scarce judicial resources. Accordingly, we hold that district courts may dismiss a frivolous complaint sua sponte even when the plaintiff has paid the required filing fee, just as the Court of Appeals may dismiss frivolous matters in like circumstances. In this case, the District Court acted properly in exercising this authority.[2]
 
 
 13
 The District Court's sua sponte dismissal of this action is hereby affirmed.[3]
 
 
 
 Notes:
 
 
 *
 The Honorable William T. Hodges, United States District Judge for the Middle District of Florida, sitting by designation.
 
 
 [1]
 In 1995, when Pillay was decided, the relevant statutory provision allowed, but did not require, a court to dismiss an in forma pauperis action "if satisfied that the action is frivolous or malicious." 28 U.S.C. § 1915(d) (1994) (current version at 28 U.S.C. § 1915(e)).
 
 
 [2]
 As we have explained recently, it is no longer clear whether dismissals under the former 28 U.S.C. § 1915(d), subsequently altered and redesignated as 28 U.S.C. § 1915(e), are reviewed de novo or for abuse of discretion. See Montero v. Travis, 171 F.3d 757, 759-60 & n.1 (2d Cir. 1999) (per curiam). We need not decide which standard applies to the sua sponte dismissal at issue here, because the District Court's decision easily passes muster under the more rigorous de novo review.
 
 
 [3]
 It has come to our attention that Fitzgerald has been an active-and perhaps abusive-litigant, having filed a number of other actions in the Southern District of New York beyond the three mentioned above, at least one of which is now pending before another panel of this Court. With regard to whether Fitzgerald's actions merit the imposition of sanctions, including limitations on his ability to file additional actions and/or appeals thereof, we defer to the courts handling the outstanding matters.