Patrick D. DONOHUE, Plaintiff–Appellant,

v.

George E. PATAKI, Governor of the State of New York; Eliot L. Spitzer, Attorney General of the State of New York; Richard E. Nicholas, Chief Clerk Rockland County Family Court; Carol B. Donohue, Defendants–Appellees.

Docket No. 01–7051.

United States Court of Appeals, Second Circuit.

Jan. 22, 2002.

Patrick D. Donohue, Valley Cottage, NY, pro se.

Charles F. Sanders, Assistant Attorney General, Eliot L. Spitzer, Attorney General of the State of New York, Mark Gimpel, Deputy Solicitor General, on the brief, New York, NY, for Appellees.

Carol B. Donohue, Nanuet, NY, pro se.

Present WALKER, Chief Judge, CABRANES, and STRAUB, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and hereby is AFFIRMED.

Appellant Patrick D. Donohue appeals from a November 30, 2000 judgment of the district court *sua sponte* dismissing his complaint for lack of subject matter jurisdiction and failure to state a claim. Donohue's complaint, brought against his former wife and several state officials, asserted various claims relating to a New York State Family Court's decision affirming an increase in his weekly child support payments.

In an order entered on November 29, 2000, the district court dismissed Donohue's complaint pursuant to *Fitzgerald v. First East Seventh Street Tenants Corp.,* 221 F.3d 362, 363 (2d Cir.2000) (per curiam) (holding that district court may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee). This Court has not yet ruled as to the standard of review that applies to the *sua sponte* dismissal of a fee-paid claim, such as the one at issue here. *See id.* at 364 n. 2. Whether reviewed for an abuse of discretion or under the more stringent *de novo* standard, however, we conclude that the district court properly dismissed Donohue's complaint for lack of subject matter jurisdiction and for failure to state a claim.

■ We agree with the district court's conclusion that it lacked jurisdiction to invalidate or otherwise review the state court's decision affirming the modification of Donohue's child support payments. *See Ankenbrandt v. Richards,* 504 U.S. 689, 703, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) (holding that domestic relations exception to federal jurisdiction "divests the federal courts of power to issue divorce, alimony, and child custody decrees"); *D.C. Court of Appeals v. Feldman,* 460 U.S. 462, 482–86 & n. 16, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (holding that district courts do not

have jurisdiction to review state court decisions or claims "inextricably intertwined" with the merits of the state court determination).

The district court also properly determined that Donohue had failed to state a claim under 42 U.S.C. § 1983 on the grounds that (1) Donohue's wife was not a state actor, *see West v. Atkins,* 487 U.S. 42, 48–49, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); (2) Donohue did not allege that Governor Pataki or Attorney General Spitzer were involved in, or had notice of, the alleged constitutional violation, *see, e.g., Meriwether v. Coughlin,* 879 F.2d 1037, 1047–48 (2d Cir.1989); and (3) the Chief Clerk for the Rockland County Family Court is entitled to absolute immunity from this suit, *see Oliva v. Heller,* 839 F.2d 37, 39–40 (2d Cir.1988).

Finally, to the extent that Donohue's appeal challenges the constitutionality of New York C.P.L.R. § 5241, this claim was not presented to the district court and, therefore, is not properly before us. *Singleton v. Wulff,* 428 U.S. 106, 120–21, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976).

Accordingly, for substantially the reasons stated in the district court's thoughtful and thorough opinion, the judgment of the district court is hereby AFFIRMED.