**John P. HASSAN, Plaintiff–Appellant,**

v.

**U.S. DEPARTMENT OF VETERANS AFFAIRS, Office of the Inspector General, Rita Tick, Veterans Medical Center, Defendants–Appellees.**

**Docket No. 04–6360CV.**

United States Court of Appeals, Second Circuit.

June 28, 2005.

* The Honorable John F. Keenan, United States District Judge for the Southern District of New York, sitting by designation.

John P. Hassan, Center Moriches, N.Y., for Appellant, pro se.

Sarah E. Light and Ramon E. Reyes, Jr., Assistant United States Attorneys (David N. Kelley, United States Attorney for the Southern District of New York, on the brief), New York, N.Y., for Appellees.

PRESENT: NEWMAN, SOTOMAYOR, Circuit Judges, and CHIN,* District Judge.

## SUMMARY ORDER

Plaintiff-appellant John P. Hassan, *pro se*, appeals from the October 15, 2004 judgment of the United States District Court for the Southern District of New York (Mukasey, C.J.) dismissing, *sua sponte*, Hassan's claim against the United States Department of Veterans Affairs (the "VA"), the Office of the Inspector General, the Veterans Medical Center, and Rita Tick of the Veterans Medical Center ("defendants") under the First and Fourteenth Amendments to the United States Constitution and the "United States Whistle Blower Law," and denying Hassan's motion for a preliminary injunction. Hassan has also moved for appointment of a special master in this Court. We assume the parties' familiarity with the underlying facts and procedural history of this matter.

In its order dismissing Hassan's complaint *sua sponte*, the district court relied on Fed.R.Civ.P. 12(b)(1) and (h)(3), concluding that the court lacked subject matter jurisdiction. The court also stated that Hassan filed the complaint *in forma pauperis* under § 1915(a)(1), and dismissed the complaint for failure to state a claim upon which relief could be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). In fact, Hassan paid the requisite filing fee,

---

* The Honorable Denny Chin, United States District Judge for the Southern District of New York, sitting by designation.

but the district court's putative reliance on § 1915 to dismiss the complaint for failure to state a claim is immaterial, because it had inherent authority to dismiss the fee-paid complaint on the same basis. *See Fitzgerald v. First East Seventh Street Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir.2000) (per curiam). We review *de novo* the *sua sponte* dismissal of a complaint for lack of subject matter jurisdiction. *See Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir.2001). The standard of review applicable to *sua sponte* dismissal for failure to state a claim under the court's inherent authority is unsettled, *see Fitzgerald*, 221 F.3d at 364 n. 2, but because the district court's dismissal withstands even *de novo* review, we need not decide the issue here. Under that standard, "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir.2004) (internal quotation marks omitted).

■ Because Hassan's complaint essentially amounted to a challenge to his expulsion from a VA facility by the defendants, the district court properly dismissed his complaint. Under 38 U.S.C. § 511(a), the district court is barred from reviewing the defendants' benefits determination, as that section provides that, subject to exceptions not applicable here, "the decision of the Secretary [of Veterans Affairs] as to any such question shall be final and conclusive and may not be reviewed by any other official or by any court, whether by an action in the nature of mandamus or otherwise." *Id.; see also Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir.1994). Section 511(a) likewise prohibited the district court from considering Hassan's constitutional and statutory challenges to the defendants' decision to expel him from a VA facility, as "the courts do not acquire jurisdiction to hear challenges to benefits determinations merely because those challenges are cloaked in constitutional terms," or when statutes are "used as a rhetorical cover to attack VA benefits determinations." *Sugrue,* 26 F.3d at 11.

■ To the extent that Hassan's complaint could have been construed as bringing a claim pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), it was properly dismissed for failure to state a claim, as Hassan would not be able to seek damages for his constitutional claims through a *Bivens* action against the defendants. *See FDIC v. Meyer,* 510 U.S. 471, 486, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (holding that *Bivens* actions seeking damages cannot be brought against Government agencies); *Sugrue,* 26 F.3d at 11–13 (declining to find *Bivens* cause of action against VA employees by veterans claiming disability benefits). Likewise, Hassan would not be able to seek equitable relief through a *Bivens* action against the defendants, as equitable relief is not available through *Bivens* where Congress has "clearly expressed its intent to preclude" plaintiffs "from attempting to supplement statutory remedies . . . with separate suits at equity," *Dotson v. Griesa,* 398 F.3d 156, 182 (2d Cir.2005), as it has through 38 U.S.C. § 511(a).

While *pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile. *See, e.g., Dluhos v. Floating & Abandoned Vessel, Known as "New York,"* 162 F.3d 63, 69–70 (2d Cir.1998). That was the case here. We have considered all of Hassan's arguments and find them to be without merit. For these reasons, the district court's judgment is AFFIRMED, and

Hassan's motion for appointment of a special master is DENIED.