17-2936-cv
Hariprasad v. State of New York

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of May, two thousand eighteen.

PRESENT:
        PIERRE N. LEVAL,
        ROBERT D. SACK,
        CHRISTOPHER F. DRONEY,
          *Circuit Judges.*

_____

GURU P. HARIPRASAD,

        *Plaintiff-Appellant*,

        v.                               No. 17-2936-cv

STATE OF NEW YORK,

        *Defendant-Appellee*.

_____

FOR PLAINTIFF-APPELLANT:        Guru P. Hariprasad, pro se, Jamaica, NY.

FOR DEFENDANT-APPELLEE:        Barbara D. Underwood, Solicitor
                                 General, Steven C. Wu, Deputy Solicitor
                                 General, Mark H. Shawhan, Assistant

Solicitor General, *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Cogan, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Guru P. Hariprasad, *pro se*, sued the State of New York for violations of the United States and New York State Constitutions, primarily alleging that New York officials conspired to violate the rights of African Americans, among others, by illegally detaining or arresting them. The district court *sua sponte* dismissed his complaint as frivolous without leave to amend, reasoning that Hariprasad had failed to state a cognizable claim. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). Although we have not decided whether such a dismissal is reviewed *de novo* or for abuse of discretion, the district court's grounds for dismissing Hariprasad's complaint "easily pass[] muster" even under *de novo* review. *Id.* at 364 n.2. *Pro se* submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

An action is considered "frivolous" when: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

We conclude that the district court properly dismissed Hariprasad's complaint. Liberally construed, the complaint alleged that an agent of New York violated the

2

constitutional rights of persons by illegally detaining or arresting them. But Hariprasad failed to allege any facts showing that he has standing to assert this claim. He did not allege that he was stopped or arrested by a New York official. *See Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (reiterating that a "plaintiff must have suffered an 'injury in fact'" to have standing to sue). And his conclusory assertions that New York State illegally detained or arrested African Americans, among others, or somehow violated his right to travel are insufficient to state a claim. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to [defeat] a motion to dismiss." (second alteration in original) (citation omitted)).

Ordinarily, the district court should not dismiss a *pro se* plaintiff's complaint without granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). But, here, amendment would be futile, as there is no indication that Hariprasad might plead a valid claim, particularly because he alleged no factual allegations.

We have considered Hariprasad's remaining arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

3