19-1381
Munsif v. Barr

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of March, two thousand twenty.

PRESENT:
        PIERRE N. LEVAL,
        PETER W. HALL,
        GERARD E. LYNCH,
          *Circuit Judges.*

_____

Anand Nachiket Munsif,

        *Plaintiff-Appellant*,

    v.                               **19-1381**

Honorable William P. Barr, United States Attorney General, Geoffrey Steven Berman, United States Attorney for Southern District of New York, Craig Carpenito, United States Attorney District of New Jersey, William M. McSwain, United States Attorney for Eastern District of Pennsylvania,

        *Defendants-Appellees.*

_____

FOR PLAINTIFF-APPELLANT:        ANAND NACHIKET MUNSIF, pro se, New York, NY.

**FOR DEFENDANTS-APPELLEES:**     Benjamin H. Torrance, Assistant United States Attorney, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Failla, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anand Munsif, pro se, sued U.S. Attorney General William P. Barr and the U.S. Attorneys for the District of New Jersey, the Southern District of New York, and the Eastern District of Pennsylvania, alleging that the defendants prevented him from receiving money that may have been transferred to him from India. Reasoning that Munsif did not allege any cognizable legal claims, the district court dismissed the complaint sua sponte as frivolous without leave to amend. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has inherent authority to "dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). An action is considered frivolous when: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted). A complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662,

2

678 (2009). Pro se submissions are reviewed with "special solicitude," and "must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and emphasis omitted).

Although we have not decided whether a district court's sua sponte dismissal of a complaint as frivolous is reviewed de novo or for abuse of discretion, the district court's grounds for dismissing Munsif's complaint "easily pass[] muster" under de novo review. *Fitzgerald*, 221 F.3d at 364 n.2. Munsif failed plausibly to allege any claim. He has alleged vaguely that the defendants prevented him from obtaining the money from the transfer and failed to give him information about unnamed criminal defendants because of unspecified corruption. It is unclear what type of legal claim he is trying to assert. A general allegation that the defendants committed some form of wrongdoing by failing to inform him about the whereabouts of the money is not sufficient to state a claim. *See Kirch v. Liberty Media Corp.*, 449 F.3d 388, 398 (2d Cir. 2006) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to defeat a motion to dismiss." (internal brackets omitted)). Similarly, Munsif's claim that the defendants were obligated to inform him about the rumored criminal cases fails; he cites no statute or regulation creating such an obligation. *Id.* Although the Crime Victims' Rights Act ("CVRA") requires the Government to make reasonable efforts to notify crime victims of proceedings and of their right to restitution, it does not authorize a private right of action for damages against the Government for failing to meet its obligations under the act. 18 U.S.C. §§ 3771(a), (c)(1), (d)(6).

Ordinarily, the district court should not dismiss a pro se plaintiff's complaint without

granting leave to amend "when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000). But, as discussed above, Munsif's complaint does not suggest any plausible claim. Therefore, the district court properly dismissed Munsif's claim without leave to amend.

We have reviewed the remainder of Munsif's arguments and find them to be without merit. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court