22-1063-cv
Frein v. Pelosi

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand twenty-three.

PRESENT:
>     JOHN M. WALKER, JR.,
>     GERARD E. LYNCH,
>     BETH ROBINSON,
>         *Circuit Judges.*

───────────────────────────────

Chad Michael Frein,

>     *Plaintiff-Appellant,*

> v.                                                          22-1063

Nancy Pelosi,

>     *Defendant-Appellee.*

───────────────────────────────

FOR PLAINTIFF-APPELLANT:                    Chad Michael Frein, pro se, Buffalo, NY.


FOR DEFENDANT-APPELLEE:                    No appearance.

Appeal from a judgment of the United States District Court for the Western District of New York (Vilardo, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Chad Michael Frein, representing himself, appeals the district court's decision on its own initiative to dismiss his complaint as frivolous. Frein alleged a series of crimes and torts, primarily by non-parties, and also accused defendant Representative Nancy Pelosi of obstructing justice, "aiding" insurrection, violating intellectual property rights, and "ac[c]ountability" for other unspecified crimes. Dist. Ct. Dkt. No. 1, at 4. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Frein's appellate brief makes only passing reference to the sole defendant in this case—Nancy Pelosi—and does not specifically discuss the district court's opinion or identify a potential error in that decision. Frein has thus forfeited any challenge to the judgment, and we could affirm for that reason alone. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998) ("Issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal.").

Even if we were to excuse these defects, we would affirm the district court's dismissal. District courts have inherent authority to dismiss a frivolous complaint on their own initiative, even when the plaintiff has paid the required filing fees. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000). A complaint must

allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous "where it lacks an arguable basis either in law or in fact," or, put another way, when it contains either "inarguable legal conclusion[s]" or "fanciful factual allegation[s]." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). We review without deference the district court's dismissal of Frein's complaint and its denial of leave to amend the complaint as futile. *See Smith v. Hogan*, 794 F.3d 249, 253 (2d Cir. 2015) (denial of leave to amend as futile is reviewed without deference); *Fitzgerald*, 221 F.3d at 364 n.2 (declining to decide whether dismissal of complaint pursuant to court's inherent authority is reviewed without deference or for abuse of discretion, where decision would be affirmed on non-deferential review).

We agree with the district court that Frein's complaint, as supplemented by his other filings, did not allege any facts that even arguably support any legal claim against defendant Pelosi. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (holding that, to avoid dismissal, a complaint must offer more than "labels and conclusions" (internal quotation marks omitted)). To his credit, Frein candidly acknowledged in oral argument that Nancy Pelosi did not commit the acts alleged in the Complaint.

While we are ordinarily skeptical of dismissals without prior notice and an opportunity to be heard, *see Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we affirm such dismissals in limited circumstances, such as when, as here, it is "unmistakably clear" that a complaint is without merit, *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). We also note that two recent orders—also from Judge Vilardo—

3

dismissing two similar lawsuits brought by Frein placed him on notice that a complaint would be subject to dismissal if it asserted claims against a government official premised on injuries caused by third parties, or on the official's mere knowledge of those injuries. *See Frein v. Feinstein*, No. 20-CV-252-LJV, 2021 WL 2715799, at *2–3 (W.D.N.Y. July 1, 2021); *Frein v. Schumer*, No. 21-CV-439-LJV, 2021 WL 3087588, at *2 (W.D.N.Y. June 23, 2021); *cf. Fitzgerald*, 221 F.3d at 363–64 (affirming dismissal of complaint as frivolous where complaint repeated claims dismissed as frivolous in two prior complaints).

For the same reasons, the district court did not err in denying leave to amend as futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (explaining that where the problems with a self-represented plaintiff's causes of action go beyond inartful pleading and plaintiff has suggested no new material to cure identified substantive issues, amendment is properly denied as futile).

\* \* \*

We have considered Frein's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court