25-992-cv
*Moussa v. Obama*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of January, two thousand twenty-six.

PRESENT:
BARRINGTON D. PARKER,
REENA RAGGI,
MICHAEL H. PARK,
*Circuit Judges.*

_____

Momen Mahmoud Moussa,

*Plaintiff-Appellant,*

v.                                                                    25-992

Barack Obama, Former President,
Acting FBI Director,

*Defendants-Appellees.*

_____

**FOR PLAINTIFF-APPELLANT:**                    Momen Mahmoud Moussa, pro se, Brooklyn, NY.

**FOR DEFENDANTS-APPELLEES:**                   No appearance.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Donnelly, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Momen Mahmoud Moussa, pro se, appeals from the district court's judgment sua sponte dismissing his complaint as frivolous. Moussa sued former President Barack Obama and the "acting FBI Director." Moussa's voluminous allegations referenced numerous presidents, public officials, and celebrities, and described violent and sexually explicit events. The district court sua sponte dismissed Moussa's complaint, concluding that his allegations reflected delusion or fantasy, and denied leave to amend as futile. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

A district court has the inherent authority to sua sponte dismiss a complaint as frivolous even where, as here, the complaint is brought by a pro se litigant who has paid

the filing fee.  *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam).   Although this Court has not yet decided whether to review a district court's exercise of this inherent authority de novo or for abuse of discretion, the Court need not do so here because the district court's decision "easily passes muster under the more rigorous *de novo* review."   *Id.* at 364 n.2.

The district court correctly dismissed Moussa's complaint as frivolous.   A complaint is frivolous "when either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory."   *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotation marks omitted).   Here, Moussa's allegations reference implausible associations with numerous former presidents, public officials, and celebrities.   *See, e.g.*, E.D.N.Y. 25-cv-916, Dkt. 1 at 7 ("Bill Clinton would show up, who was President at the time and ask [Moussa] about the violent video games [he] was playing."); *id.* at 8 (Britney Spears asked Moussa if he "wanted to come to Hollywood with her and get training in music in a special session."); *id.* at 13 (Moussa "converse[d] with Jay-Z," and was "invited to Spike Lee's studio" to meet Rihanna.); *id.* at 43 ("Obama would have [Moussa] speak with Vladamir Putin and Prince William on teleconference.").   Such claims are "clearly baseless" and reflect delusion or fantasy.

3

*Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32 (1992)).

The district court also properly denied Moussa leave to amend the complaint. Repleading would be futile because there is no indication that "a chance to reframe" would cure the complaint's substantive deficiencies. *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered all of Moussa's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.[1]

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk of Court

---

[1] We dismiss as moot Moussa's motion for reversal of the district court's decision.

4