25-1213-cv
*Uzamere v. Gregg*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of June, two thousand twenty-six.

PRESENT:
> PIERRE N. LEVAL
> MICHAEL H. PARK,
> EUNICE C. LEE,
> > *Circuit Judges.*

_____

Cheryl D. Uzamere, Individually and in Her Official Capacity as Sole Proprietor of African Diasporal Enterprises and Uzamere Word Processing & More; Adjudged to be an Antisemite and Prevented from Proceeding In Forma Pauperis by Jewish Judges of the New York State Unified,

> *Plaintiff-Appellant,*

> v.                                                      25-1213

D. Gregg, Shield No. 298, Law Enforcement

Officer for the U.S. Department of Homeland Security, Sued Individually and in His Official Capacity, Denis McGowan, Former Regional Director for the Federal Protective Service, U.S. Department of Homeland Security, Sued Individually and in His Official Capacity, Rachel A. McCarthy, Esq., Former Bar Counsel for the U.S. Citizenship and Immigration Service, Sued in Her Former Official Capacity, John Does 1-3, Unknown Law Enforcement Officers from Unknown Federal Law Enforcement Agency, Sued Individually and in Their Official Capacities, John/Jane Doe, Employee Who Filed the Criminal Complaint on December 19, 2017, Sued Individually and in His/Her Official Capacity, William Patrick Campos, Esq., Assistant U.S. Attorney, U.S. Attorneys Office for the Eastern District of New York, Sued Individually and in His Official Capacity, Eugenia A. Cowles, Esq., Assistant U.S. Attorney for the District of Vermont, Sue in Her Official Capacity, Carla B. Freedman, Esq., U.S. Attorney for the Northern District of New York, Sued in Her Official Capacity, Honorable Nicholas G. Garaufis, Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His Official Capacity, Honorable La Shann D'Arcy Hall, Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity, Honorable Ramon Reyes, Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His

2

Official Capacity, Honorable Steven Tiscione, Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in His Official Capacity, Honorable Lois Bloom, Federal Judge for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity, Honorable John/Jane Does 1-100, Federal Judges for the U.S. District Court for the Eastern District of New York, Sued Individually and in Their Official Capacities, Brenna B. Mahoney, Clerk of Court for the U.S. Court for the Eastern District of New York; Sued Individually and in Her Official Capacity, Douglas C. Palmer, Jr., Former Chief Clerk of Court for the U.S. District Court for the Eastern District of New York, Sued Individually and in His (Former) Official Capacity, John/Jane Doe, John/Jane Doe with initials MB, Clerk of Court for the U.S. Court for the Eastern District of New York, Sued Individually and in His Official Capacities, John/Jane Does 1-100, Clerks of Court for the U.S. Court for the Eastern District of New York, Sued Individually and in Their Official Capacities, Janet Hamilton, CJA Clerk for the U.S. Court for the Eastern District of New York, Sued Individually in Her Official Capacity, John/Jane Doe, CJA Clerks for the U.S. District Court for the Eastern District of New York as of April 3, 2018, Sued Individually and in Their Official Capacities, Honorable Colleen McMahon, Federal Judge for the U.S. District Court for the Southern District of New York, Sued Individually and in Her Official Capacity,

3

Honorable John/Jane Does 1-100, Federal Judges for the U.S. District Court for the Southern District of New York, Sued Individually and in Their Official Capacities, Honorable John/Jane Does 1-10,000, All Federal Judges Who are/were associated with the Babylonian Talmud/Jewish Faith throughout the United States, Sued in Their Official Capacities (for, Ted Willmann, CVB Branch Chief, Sued Individually and in His Official Capacity, Travis Windham, CVB Clerk, Sued Individually and in His Official Capacity, Deidre Von Dornum, Esq., CJA Liaison for the U.S. District Court for the Eastern District of New York, Sued Individually and in Her Official Capacity, Raymond Louis Colon, Esq., CJA Attorney, Sued Individually and in His Official Capacity, Damon Y. Smith, Esq., General Counsel of the U.S. Department of Housing and Urban Development, Sued in His Official Capacity, Jay Golden, Region II Director, Office of Fair Housing, and Equal Opportunity for the U.S. Department of Housing and Urban Development, Sued Individually and in His Official Capacity, State of New York, Sued Individually and in Its Official Capacity, Kathy Hochul, Governor of the State of New York, Sued Individually and in Her Official Capac, Letitia James, Esq., New York State Attorney General, Sued Individually and in Her Official Capacity, Beezily James Kierman, Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity,

4

Laura Etlinger, Esq., Assistant Solicitor General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity, Alexandria Rademacher Twinem, Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity, Anthony Rotondi, Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity, Douglas R. Kemp, Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in His Official Capacity, Shannan C. Krasnokutski, Esq., Assistant Attorney General for the New York State Attorney Generals Office, Sued Individually and in Her Official Capacity, Honorable Rowan D. Wilson, Chief Judge of The New York State Court of Appeals, Sued in His Official Capacity, Honorable Norman St. George, First Deputy Administrative Judge for the New York State Unified Court System, Sued Individually and in His Official Capacity, Honorable Christopher J. McCarthy, Judge for the New York State Court of Claim, Sued Individually and in His Official Capacity, Stan L. Pritzker, Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity, Honorable Lisa M. Fisher, Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His

5

Official Capacity, Honorable Mark L. Powers, Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity, Robert D. Mayberger, Esq., Clerk of Court for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and His Official Capacity, Honorable Dianne Renwick, Presiding Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable David Friedman, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Sallie Manzanet-Daniels, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Barbara R. Kapnick, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Troy K. Webber, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Ellen Gesmer, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Cynthia S. Kern, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her

6

Official Capacity, Honorable Jeffrey K. Oing, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Anil C. Singh, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Peter H. Moulton, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Lizbeth Gonzalez, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Tanya R. Kennedy, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Saliann Scarpulla, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Manuel J. Mendez, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Martin Shulman, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Julio Rodriguez III, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His

**Official Capacity, Honorable Bahaati Pitt-Burke, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable John R. Higgitt, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in His Official Capacity, Honorable Llinet M. Rosado, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Kelly O'Neill Levy, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Marsha Michael, Associate Judge for the New York State Appellate Division, First Judicial Department, Sued Individually and in Her Official Capacity, Honorable Gerald J. Whalen, President Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Nancy E. Smith, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Stephen K. Lindley, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable John M. Curran, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in**

His/Her Official Capacity, Honorable Tracey A. Bannister, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Mark A. Montour, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable E. Jeanette Ogden, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Donald A. Greenwood, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Henry Nowak, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Scott Delconte, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Lynn W. Keane, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Craig D. Hannah, Associate Justice for the New York State Supreme Court Appellate Division for the Fourth Judicial Department, Sued in His/Her Official Capacity, Honorable Adam W. Silverman, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Christina L.

Ryba, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable James Ferreira, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Justice Corcoran, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Kimberly A. O'Connor, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Peter A. Lynch, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Roger D. McDonough, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Susan M. Kushner, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Honorable Thomas Marcelle, Justice for Albany County Supreme Court, Sued Individually and in His Official Capacity, Tara A. Uzamere, Registered Nurse for the New York State Insurance Fund and Daughter of Plaintiff and Defendant Ehigie Edobor Uzamere, Sued in Her Official Capacity, City of New York, as a Domestic Municipal Corporation, Sued Individually and in Its Official Capacity, Philip Wooley Young, Esq., Assistant Corporation Counsel for the New York City Law Department, Sued Individually and in His Official Capacity, Jonathan L. Pines, Esq., Assistant Corporation Counsel for the New York City Law Department, Sued Individually and in His Official Capacity, Eric Gonzalez, Esq., Kings

10

County District Attorney, Sued Individually and in His Official Capacity, Jessica Tisch, in Her Official Capacity as Commissioner of the New York City Police Department, Sued in Her Official Capacity, Michael Berger, Deputy Commissioner for Legal Matters for the New York City Police Department, Sued in His Official Capacity, Steve Cruz, Shield No. 2503, Detective, 3rd Grade, Criminal Intelligence Section for the New York City Police Department, Sued Individually and in His Official Capacity, Francisco Jacquez, Shield No. 5199, Detective 3rd Grade, Criminal Intelligence Section for the New York City Police Department, Sued Individually and in His Official Capacity, Brent Curry, Shield No. 3881, Sergeant for the New York City Police Department, Sued Individually and in His Official Capacity, John/Jane Does 1-100, Police Officer at the PSA Precinct, Sued Individually and in Their Official Capacities, Cynthia Acerra, Lieutenant and Freedom of Information Officer of the New York City Police Department, Sued Individually and in Her Official Capacity, New York City Housing Authority, as a Domestic Municipal Corporation, Sued Individually and in Its Official Capacity, Jamie Rubin, Chair of the New York City Housing Authority, Sued Individually and in His Official Capacity, David Rohde, Esq., General Counsel for the New York City Housing Authority, Sued Individually and in His Official Capacity, Lisa Bova-Hiatt, Esq., Chief Executive Officer of the New York City Housing Authority,

11

Sued Individually and in Her Official Capacity, David Patrick Greene, Esq., Executive Vice President for Property Management Operations, Sued Individually and in His Official Capacity, Brad Greenburg, Esq., Chief Compliance Officer of the New York City Housing Authority, Sued Individually and in His Official Capacity, Seth Kramer, Esq., Attorney for the New York City Housing Authority, Sued Individually and in His Official Capacity, Brooklyn Defender Services, Sued Individually and Its Official Capacity, Timothy Gumkowsky, Esq., Sued Individually and in His Official Capacity, Joyce Kendricks, Esq., Sued Individually and in Her Official Capacity, Harvery Shapiro, Esq., Jack Gladstein, Esq., Austin I. Idehen, Esq., Ehigie Edobor Uzamere, David Neal, Director, Executive Office for Immigration Review for the U.S. Department of Justice, Sued Only in His Official Capacity, John N. Blum, Esq., General Counsel, Executive Office for Immigration Review for the U.S. Department of Justice, Sued Only in His Official Capacity, Honorable John/Jane Doe, Federal Judges for the Eastern District of New York, Sued Individually and in Their Official Capacities, Susan A. Bronka, Esq., Office of Civil Rights, New York Office, U.S. Department of Education, Sued Individually and in His Official Capacity, William J. Poorten, Esq., Office of Civil Rights, New York Office, U.S. Department of Education, Sued Individually and in His Official Capacity, Honorable L. Michael Mackey,

12

Associate Justice for the New York State Supreme Court Appellate Division for the Third Judicial Department, Sued Individually and in His Official Capacity, Honorable Daniel D. Angiolillo, Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity, Honorable L. Priscilla Hall, Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in Her Official Capacity, Honorable Jeffrey A. Cohen, Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity, Honorable Robert J. Miller, Former Associate Justice for the New York State Supreme Court Appellate Division for the Second Judicial Department, Sued Individually and in His Official Capacity, Honorable Genine Edwards, Administrative Judge for the Second Judicial Department, Sued Individually and in Her Official Capacity, Honorable Lawrence Knipel, Justice for the Kings County Supreme Court, Sued Individually and in His Official Capacity, Honorable Jeffrey S. Sunshine, Justice for the Kings County Supreme Court, Sued Individually and in His Official Capacity, Honorable Jacqueline D. Williams, Judge for the Kings County Family Court, Sued Individually and in Her Official Capacity, Adele Alexis Harris, Support Magistrate for

the Kings County Family Court, Sued Individually and in Her Official Capacity, New York City Police Department, in its Official Capacity, Officer Merino, Shield No. 16588, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity, Officer St. Jose, Shield No. 14833, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity, Officer Juan, Shield No. 12373, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity, Officer Kucevic, Shield No. 20305, 84th Precinct, New York City Police Department, Sued Individually and in His Official Capacity, John/Jane Doe, 1-100, Police Officers from the PSA2 or 75th Precinct Who Visited My Apartment around February 2018, Sued Individually and in Their Official Capacities, City University of New York, Sued Individually and in its Official Capacity, Derek Davis, Esq., General Counsel for the City University of New York, Sued Individually and in His Official Capacity, Michelle Anderson, Esq., President of Brooklyn College, Sued Individually and in Her Official Capacity, Jaclyn Helms, Esq., Office of Legal Affairs and Labor Relations, Brooklyn College, Sued Individually and in Her Official Capacity, John Paul, Chair of the Economics Department, Brooklyn College Judicial Hearing Officer, Sued Individually and in His/Her Official Capacity, Kelly Spivey, Director of the LGBTQ+ Resource Center, Brooklyn College Judicial Hearing Officer, Sued Individually and in His/Her

14

**Official Capacity, Rebecca Boger, Chair of the Department of Earth and Environment, Professor of Earth and Environmental Science, School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity, David Seidemann, Professor, Earth and Environmental Science, School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity, Grace Culhane, Professor of English, Brooklyn College, Sued Individually and in Her Official Capacity, Peter Tolias, Dean School of Natural and Behavioral Science of Brooklyn College, Sued Individually and in His Official Capacity, Kai Shum, Professor of Physics, Brooklyn College, Sued Individually and in His Official Capacity, Marling Sone, Vice President of Enrollment Management and Student Affairs, Sued Individually and in Her Official Capacity, Officer Brooks, Shield No. 226, CUNY Safety Officer, Sued Individually and in His Official Capacity, Lieutenant Marrero, CUNY Safety Officer, Sued Individually and in Her Official Capacity, L. Charles, CUNY Safety Officer, Sued Individually and in His Official Capacity, William C. Thompson, Jr., Chairperson of the CUNY Board of Trustees, Sued in His Official Capacity, Henry T. Berger, CUNY Board of Trustees, Sued in Her Official Capacity, Brian D. Obergfell, CUNY Board of Trustees, Sued in Her Official Capacity, Enid Stubin, Faculty Representative, CUNY Board of Trustees**

Committee on Student Affairs and Special Programs, Sued in Her Official Capacity, Honorable John/Jane Doe, Federal Judges for the Southern District of New York, Sued Individually and in Their Official Capacities,

*Defendants–Appellees.*

FOR PLAINTIFF-APPELLANT:                    Cheryl D. Uzamere, pro se, Brooklyn, NY.

FOR DEFENDANTS-APPELLEES:                    No appearance.

Appeal from a judgment of the United States District Court for the Northern District of New York (Brindisi, *J.*; Evangelista, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Cheryl D. Uzamere, proceeding pro se, appeals the district court's judgment sua sponte dismissing her amended complaint as frivolous. Uzamere sued more than 100 defendants, alleging a vast government conspiracy to enforce "Jewish law." The district court sua sponte dismissed Uzamere's amended complaint, concluding that her allegations were frivolous and suggested delusion or fantasy, and denied leave to amend.

16

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

District courts have inherent authority to sua sponte dismiss a complaint as frivolous, even where, as here, the plaintiff paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (per curiam). Although we have not yet decided whether to review a district court's exercise of this inherent authority de novo or for abuse of discretion, we need not do so here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Id.* at 364 n.2.

The district court properly ruled that Uzamere's complaint was irrational and dismissed it as frivolous. The types of abuse she alleged—involving a massive government conspiracy to enforce Jewish law—suggest delusion. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (explaining that dismissal is proper where complaint's factual allegations are "the product of delusion or fantasy" (internal quotation marks omitted)); *see also Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (holding that a court may dismiss when factual allegations are "fanciful, fantastic, or delusional" (internal quotation marks omitted)).

17

On appeal, Uzamere accuses the district court of joining the conspiracy to suppress evidence related to her false prosecution. She further argues that the district court dismissed her complaint because of her antisemitic speech. Both arguments are frivolous. First, while Uzamere presents evidence showing the existence of her criminal case, she does not explain how the district court suppressed evidence in relation to that case. Second, the district court dismissed Uzamere's complaint for frivolousness, not for antisemitism. Because the district court properly dismissed the complaint for factual frivolousness, we do not reach Uzamere's arguments challenging its alternative reasoning.

Finally, the district court did not err in dismissing the complaint without leave to amend. Generally, a district court should not dismiss a pro se complaint without first granting leave to amend, but dismissal was proper here because amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

We have considered Uzamere's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

18