23-438-cv
*Jean-Baptiste v. Almonte Stream Food Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand twenty-three.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> AMALYA L. KEARSE,
> SUSAN L. CARNEY,
> *Circuit Judges*.

_____

HAROLD JEAN-BAPTISTE,

> *Plaintiff-Appellant*,

v.                                                                            23-438

ALMONTE STREAM FOOD CORPORATION,

> *Defendant-Appellee*,

_____

| | |
|---|---|
| FOR PLAINTIFF-APPELLANT: | HAROLD JEAN-BAPTISTE, pro se, Rosedale, NY. |
| FOR DEFENDANT-APPELLEE: | No appearance. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Pamela K. Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Harold Jean-Baptiste, proceeding pro se, sued Almonte Stream Food Corp. under a variety of federal statutes, including 42 U.S.C. §§ 1983 and 1985, alleging that the company—a grocery store on Long Island—colluded with FBI agents to poison him. He paid the filing fee. Observing the many similar allegations Jean-Baptiste had brought in prior cases, the district court dismissed his second amended complaint sua sponte as factually frivolous without providing Jean-Baptiste advance notice or an opportunity to be heard. We assume the parties' familiarity with the remaining facts, procedural history, and issues on appeal.

"[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee . . . ." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam). An action is frivolous when "the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy" or when "the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

The district court properly dismissed the second amended complaint as factually frivolous. Jean-Baptiste alleged that he was poisoned by Almonte, which colluded with an unknown FBI agent to tamper with his food. But he set forth no facts that suggested such collusion was remotely plausible. Simply put, Jean-Baptiste's assertion of the grocery store's collusion with the FBI was irrational and fell solidly in the realm of fantasy or delusion. *See Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011) (affirming dismissal of claims as frivolous where plaintiff alleged conspiracy of government officials to commit terrorism but did not allege any facts demonstrating a "consistent" or "plausible" theory).

Jean-Baptiste argues that the district court failed to allow him an opportunity to appear or respond before dismissing his complaint. As he observes, we have repeatedly emphasized that "dismissing a case without an opportunity to be heard is, at a minimum, bad practice in numerous contexts and is reversible error in others." *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018). Sua sponte dismissal can be permissible, however, when it is "unmistakably clear" that "the complaint lacks merit or is otherwise defective." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999).

Under the circumstances in this case, the district court did not err by dismissing the second amended complaint sua sponte. As noted by the district court, Jean-Baptiste has filed similar lawsuits alleging government conspiracies against him. *See, e.g.*, *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-8318 (LTS), 2023 WL 2390875 at *1–2 (S.D.N.Y. Mar. 6, 2023); *Jean-Baptiste v. United States Dep't of Just.*, No. 22-CV-1861 (TSC), 2022 WL 3027010 at *1 (D.D.C. Aug. 1, 2022). Jean-Baptiste was therefore constructively on notice that claims similar to these would be vulnerable to dismissal. Moreover, he had been given two

3

opportunities to amend his complaint, yet the allegations were still patently frivolous. It was therefore not reversible error to dismiss the second amended complaint sua sponte.

Jean-Baptiste further contends that the district court was biased against him. But aside from the dismissal of his second amended complaint, Jean-Baptiste points to nothing in the record to suggest bias on the part of the district court. And without more, an adverse ruling is not evidence of bias. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

*       *       *

We have considered Jean-Baptiste's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court