23-826-cv
*Jean-Baptiste v. Westside Donut Huntington Ventures LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-three.

PRESENT:
> RICHARD C. WESLEY,
> DENNY CHIN,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

Harold Jean-Baptiste,

> *Plaintiff-Appellant,*

> v.                                                                23-826-cv

Westside Donut Huntington Ventures LLC,

> *Defendant-Appellee.*

_____

FOR PLAINTIFF-APPELLANT:                          Harold Jean-Baptiste, *pro se*,
                                                                  Rosedale, NY.

FOR DEFENDANT-APPELLEE:                          Farah Khakee, Brooks &
                                                                  Berne PLLC, Elmsford, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Chen, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Harold Jean-Baptiste, proceeding *pro se*, sued Defendant-Appellee Westside Donut Huntington Ventures LLC, the operator of a Long Island Dunkin' Donuts, for allegedly serving him adulterated food on October 10, 2022, in an attempt to poison him in retaliation for a case he filed in the District of Columbia. He paid the filing fee. On April 27, 2023, the district court *sua sponte* dismissed his Amended Complaint as frivolous. *See Jean-Baptiste v. Westside Donut Huntington Ventures LLC*, No. 23-CV-2308 (PKC) (LB), 2023 WL 3126192 (E.D.N.Y. Apr. 27, 2023). In his brief on appeal, which we construe liberally, *see Nowakowski v. New York*, 835 F.3d 210, 215 (2d Cir. 2016), Jean-Baptiste challenges the district court's *sua sponte* dismissal of his Amended Complaint because it did not provide him with advance notice or an opportunity to be heard. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal, to which we refer only as necessary to explain our decision to affirm.

A district court has the inherent authority to dismiss a complaint *sua sponte*, even when the plaintiff has paid the filing fee, when it is clear that the claims are frivolous. *See Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (per curiam); *Pillay v. INS*, 45 F.3d 14, 16–17 (2d Cir. 1995) (per curiam). Although we have not yet decided whether we review a district court's exercise of this inherent authority *de novo* or for abuse of discretion, we

2

need not do so here because the district court's decision "easily passes muster under the more rigorous *de novo* review." *Fitzgerald,* 221 F.3d at 364 n.2.

As the district court noted, Jean-Baptiste has filed numerous complaints in various courts over the years, involving alleged government conspiracies to poison his food or harm him in other ways, all of which have been dismissed. *Jean-Baptiste*, 2023 WL 3126192, at *1 (collecting cases). At least one of these lawsuits, which was dismissed as frivolous, arose out of the same alleged poisoning incident at a Long Island Dunkin' Donuts that is the subject of the instant lawsuit; he did not appeal that dismissal. *See* Mem. and Order at 1, *Jean-Baptiste v. U.S. Dep't of Just.*, No. 22-CV-6718 (PKC) (LB) (E.D.N.Y. Dec. 6, 2022), ECF No. 15 (dismissing as frivolous Jean-Baptiste's claims that "on October 10, 2022, the FBI ordered a Dunkin' Donuts employee to poison him with a toxic substance").

At its core, the Amended Complaint here seeks to relitigate virtually identical claims, and it is "unmistakably clear" that those claims "lack[] merit." *Snider v. Melindez*, 199 F.3d 108, 113 (2d Cir. 1999). Under such circumstances, the district court properly dismissed the Amended Complaint *sua sponte* as duplicative and frivolous, without providing notice and an opportunity to be heard. *See Fitzgerald*, 221 F.3d at 363–64 (holding that *sua sponte* dismissal of a complaint as frivolous was proper where the complaint merely repeated allegations that were contained in two prior federal actions that had been dismissed); *see also Ethridge v. Bell*, 49 F.4th 674, 683 (2d Cir. 2022) (acknowledging that due process may be satisfied in rare instances by something other than formal notice where "notice serves little purpose"). Indeed, we recently reached the same conclusion in affirming the *sua sponte* dismissal of a lawsuit filed by Jean-Baptiste, in which he

3

alleged that a grocery store colluded with the FBI, as factually frivolous.[1]  *See Jean-Baptiste v. Almonte Stream Food Corp.*, No. 23-438, 2023 WL 7293777, at \*1 (2d Cir. Nov. 6, 2023) (summary order).

\*   \*   \*

We have considered Jean-Baptiste's remaining arguments and find them to be without merit.[2]  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1]  We note that the district court recently imposed a filing injunction on Jean-Baptiste in another lawsuit, in which the district court *sua sponte* dismissed the complaint.  *Jean-Baptiste v. U.S. Dep't of Just.*, No. 23-CV-6297 (PKC) (LB), 2023 WL 6587958, at \*1–2 (E.D.N.Y. Oct. 10, 2023).  In doing so, the district court observed that Jean-Baptiste has "brought at least nine other similar cases in this Court and others, all of which were subsequently dismissed, with the majority being deemed frivolous," and that, in response to the court's order to show cause, Jean-Baptiste continued to make frivolous allegations and failed to provide a compelling justification for why the injunction should not be imposed.  *Id.*  Jean-Baptiste has appealed that decision.

[2]  To the extent Jean-Baptiste argues that the district court was biased against him, that argument is entirely without merit.  The district court's adverse ruling does not constitute evidence of bias and Jean-Baptiste points to nothing in the record to suggest any such bias.  *See Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

4