22-3012-cv
*Dwyer v. United Kingdom Gen. Commc'ns Headquarters*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

*Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.*

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of January, two thousand twenty-four.

PRESENT:    Steven J. Menashi,
            Eunice C. Lee,
            Sarah A. L. Merriam,
                *Circuit Judges.*

_____

THOMAS F. DWYER,

        *Plaintiff-Appellant,*

    v.                                                    No. 22-3012-cv

UNITED          KINGDOM          GENERAL
COMMUNICATIONS          HEADQUARTERS
(UKGCHQ), MALCOLM JOHN TOMBS,

        *Defendants-Appellees.*

_____

*For Plaintiff-Appellant*:                        Thomas F. Dwyer, *pro se*, Walden, NY.

*For Defendants-Appellees*:            No appearance.

Appeal from a judgment of the United States District Court for the Southern District of New York (Swain, J.).

Upon due consideration, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Thomas Dwyer, proceeding *pro se*, sued Defendants-Appellees Malcolm Tombs and the "United Kingdom General Communications Headquarters," alleging illegal warrantless surveillance, fraud, and other misconduct. Observing Dwyer's "history of filing frivolous lawsuits"—some raising similar claims against Tombs—the district court *sua sponte* dismissed the complaint as factually and legally frivolous. *See Dwyer v. U.K. Gen. Commc'ns Headquarters*, No. 22-CV-07171, 2022 WL 15523479, at *1 (S.D.N.Y. Oct. 24, 2022) ("The Court has the authority to dismiss a complaint, even when the plaintiff has paid the fees, if it determines that the action is frivolous.").

Dwyer timely appealed. However, Dwyer's brief fails to address the grounds for dismissal. Instead, Dwyer advances arguments and allegations similar to those he raised in the district court. Dwyer has therefore abandoned any challenge to the determination that his complaint was frivolous. *See Moates v. Barkley*, 147 F.3d 207, 209 (2d Cir. 1998) (noting that "*pro se* litigants are afforded some latitude in meeting the rules governing litigation [but that] we need not, and normally will not, decide issues that a party fails to raise" on appeal); *LoSacco v. City of Middletown*, 71 F.3d 88, 93 (2d Cir. 1995) ("[W]e need not manufacture claims of error for an appellant proceeding *pro se*.").

Moreover, the allegations of international surveillance, mind-reading, and assault in Dwyer's complaint appear "fanciful" and "fantastic"; the district court

2

did not err in categorizing those allegations as "factually frivolous." *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)).[1] Dwyer's claims consisted largely of "legal conclusion[s] couched as ... factual allegation[s]," which we need not credit. *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 75 (2d Cir. 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Dwyer did not explain how the defendants' alleged misconduct was directed at or affected him, nor did he articulate any distinct injury in the recent past.

While *pro se* litigants should generally receive at least one opportunity to amend, *see Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991), Dwyer has shown no ability, either here or in prior lawsuits, to state a valid claim for relief that would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See In re Trib. Co. Fraudulent Conv. Litig.*, 10 F.4th 147, 175 (2d Cir. 2021).

\*　　\*　　\*

We have considered Dwyer's remaining arguments, which we conclude are without merit. Accordingly, we affirm the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[1] While our cases generally discourage the "bad practice" of dismissing an action *sua sponte* without notice and opportunity to respond, *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 82 (2d Cir. 2018), we have recognized exceptions for "unmistakably" defective pleadings, *id.*, and serial litigation that "reassert[s]" claims previously dismissed, *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000). Based on Dwyer's litigation history (against Tombs in particular) and the district court's finding of factual frivolousness, no-notice *sua sponte* dismissal was appropriate here because Dwyer was on constructive notice that his claims were vulnerable to dismissal.