23-7973-cv
Woodhouse v. Meta Platforms, Inc.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of September, two thousand twenty four.

PRESENT:
> GERARD E. LYNCH,
> BETH ROBINSON,
> SARAH A. L. MERRIAM,
> *Circuit Judges.*

_____

Benjamin Woodhouse,

> *Plaintiff-Appellant,*

> v.                                                          **23-7973-cv**


Meta Platforms, Inc., Alphabet Inc., Gibson, Dunn & Crutcher LLP, Nike Inc.,

*Defendants-Appellees,*

**Mr. Rob Bonta, Attorney General, acting in his official capacity, Mr. David Harris, U.S. attorney, acting in his official capacity, Stanley Blumenfeld, Judge, acting in his official capacity, Gary Klausner, Judge, acting in his official capacity, Christina Snyder, Judge, acting in her official capacity, Dean Pregerson, Judge, acting in his official capacity, Lawrence Van Dyke, Judge, acting in his official capacity, Eric Miller, Judge, acting in his official capacity, Mark Bennett, Judge, acting in his official capacity, Ms. Joanne Osinoff, U.S. attorney, acting in her official capacity, Molly Dwyer, 9th Circuit Clerk, acting in her official capacity,**

*Defendants.*[1]

_____

**FOR PLAINTIFF-APPELLANT:**   BENJAMIN WOODHOUSE, *pro se*, Pismo Beach, CA.

**FOR DEFENDANTS-APPELLEES:**   KRISTIN A. LINSLEY, Gibson, Dunn & Crutcher LLP, San Francisco, CA (*for* Meta Platforms, Inc., Nike, Inc.,

---

[1] The Clerk is respectfully instructed to amend the caption as set forth above.

and Gibson, Dunn & Crutcher LLP).

JOHN B. KENNEY, Wilson Sonsini Goodrich & Rosati, Washington, DC, (Amy H. Candido, Wilson Sonsini, Goodrich & Rosati, San Francisco, CA, *on the brief*) (*for* Alphabet Inc.).

Appeal from a judgment of the United States District Court for the Southern District of New York (Paul A. Engelmayer, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Benjamin Woodhouse, an attorney proceeding *pro se,* sued Meta Platforms, Inc., Alphabet, Inc., Nike, Inc., the law firm Gibson, Dunn & Crutcher LLP, federal judges, and others, alleging that the defendants conspired to murder and sexually assault thousands of people in a "genocide hotel" and attempted to murder and harass Woodhouse. Observing Woodhouse's extensive history of frivolous litigation premised on the same or similar allegations, on its own

3

initiative, the district court dismissed the complaint as factually frivolous and ordered Woodhouse to show cause why a filing injunction should not be imposed on him and the entities he owned or controlled. *Woodhouse v. Meta Platforms Inc.*, No.1:23-cv-07000(PAE), 2023 WL 5939036 (S.D.N.Y. Sept. 8, 2023). The court ultimately found Woodhouse to be a vexatious litigant and imposed a nationwide filing injunction as requested by several of the defendants. *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502 (S.D.N.Y. 2023) (decision resolving motion for filing injunction); *Woodhouse v. Meta Platforms Inc.*, No. 1:23-cv-07000(PAE), 2023 WL 8433129 (S.D.N.Y. Dec. 5, 2023) (order implementing filing injunction).

Woodhouse appealed. In his brief he challenges only the dismissal of his complaint. Thus, the validity of the filing injunction is not before us, and we review only the district court's dismissal of Woodhouse's complaint. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (explaining that issues not briefed on appeal are abandoned). We assume the parties' familiarity with the remaining facts, the procedural history, and the issues on appeal.

4

## I. Standard of Review

We review a district court's dismissal of a complaint for failure to state a claim on the court's own initiative (or "*sua sponte*") without deference to the district court. *Federal Defenders of New York, Inc. v. Federal Bureau of Prisons*, 954 F.3d 118, 125 (2d Cir. 2020) (reviewing dismissal of a fee-paid complaint). We review determinations of factual frivolousness for abuse of discretion. *See Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Although uncounseled submissions are construed liberally to raise the strongest arguments that they suggest, *see Tracy v. Freshwater*, 623 F.3d 90, 101 (2d Cir. 2010), Woodhouse is an attorney. Lawyers representing themselves "ordinarily receive[] no such solicitude at all." *Id.* at 102.[2]

## II. Discussion

### A. Factual Frivolousness

An action is considered "frivolous" when: "(1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy;

---

[2] In quotations from caselaw and the parties' briefing, this summary order omits all internal quotation marks, alterations, footnotes, and citations, unless otherwise noted.

or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton*, 504 U.S. at 33. However, a complaint may not be dismissed simply because it alleges facts that are unlikely. *Id.*

The district court did not abuse its discretion by dismissing Woodhouse's complaint as factually frivolous. Woodhouse alleged, among other things, that the defendants resided at a hotel and killed 3,000 people, sexually assaulted an unspecified number of victims, made at least 300 assassination attempts against him, and did so for the sole purpose of harassing him. But he set forth no facts that suggested such acts were remotely plausible and does not explain why the district court's dismissal amounted to an abuse of discretion. To the contrary, and echoing allegations raised below in his response to the district court's show cause order, Woodhouse's appellate brief advances other fantastical claims, such as claiming that he witnessed the "incineration" of a federal judge and the

6

"decapitations" of colleagues.   Appellant's Br. at 10–11, 21.

Simply put, the district court did not abuse its discretion in concluding that Woodhouse's allegations were and are irrational, and fell solidly in the realm of fantasy or delusion.   *See Gallop v. Cheney*, 642 F.3d 364, 368–69 (2d Cir. 2011) (affirming dismissal of claims as frivolous where plaintiff alleged conspiracy of government officials to commit terrorism but did not allege any facts demonstrating a "consistent" or "plausible" theory).

### B.  Sua Sponte Dismissal

A district court has inherent authority to dismiss a frivolous complaint sua sponte, meaning on its own initiative, even when, as here, "the plaintiff has paid the required filing fee."   *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000).  To the extent Woodhouse's brief can be construed as challenging the sua sponte dismissal on the basis that he was not offered prior notice, that argument is meritless.

We have emphasized that failing to provide notice and an opportunity to be heard before a sua sponte dismissal is "bad practice" in some contexts and "reversible error in others."   *Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77,

7

82 (2d Cir. 2018). However, in instances where "it is unmistakably clear . . . that the complaint lacks merit or is otherwise defective," a sua sponte dismissal can be appropriate. *Id.* That is especially true in the context of serial litigation, when a litigant reasserts claims already dismissed as frivolous. *See Fitzgerald*, 221 F.3d at 363–64.

Under the circumstances in this case, the district court did not err by dismissing the complaint on its own initiative. As noted by the district court, Woodhouse had a history of filing frivolous lawsuits, at least one of which alleged the same "genocide hotel" conspiracy and was also dismissed as frivolous. *See, e.g.*, *Woodhouse v. Meta Platforms, Inc.*, No. 23-cv-01924(APM), 2023 WL 4531827, at *1 (D.D.C. July 13, 2023) (dismissing, *sua sponte*, "fantastic and delusional claims" about a "genocide hotel" in Pismo Beach), *aff'd*, No. 23-5188, 2023 WL 7268255, at *1 (D.C. Cir. Oct. 30, 2023). Although Woodhouse was not given notice here that his allegations were vulnerable to dismissal, his pattern of prior litigation would have informed him that these kinds of claims were defective. And, of course, Woodhouse is an attorney, not an untrained pro se litigant. It was therefore not inappropriate to dismiss the complaint *sua*

8

*sponte*.

* * *

We have considered Woodhouse's remaining arguments and find them to

be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court