24-2546-cv
*Metellus v. Jolly*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of November, two thousand twenty-five.

PRESENT:
> DEBRA ANN LIVINGSTON,
> > *Chief Judge*,
> REENA RAGGI,
> MICHAEL H. PARK,
> > *Circuit Judges.*

---

Sam Albert Metellus,

> *Plaintiff-Appellant*,

> v.                                                                 24-2546

Anne-Marie Jolly, DBA Anne-Marie Jolly, Katerina Contaratos, Gilbert Taylor, All Successors and Assigns,

> *Defendants-Appellees*.

---

FOR PLAINTIFF-APPELLANT:                    SAM ALBERT METELLUS, *pro se*, Saint Albans, NY.

FOR DEFENDANTS-APPELLEES:                    DAVID LAWRENCE III, Assistant Solicitor General, (Barbara D. Underwood,

Solicitor General, Ester Murdukhayeva, Deputy Solicitor General, *on the brief*), *for* Letitia James, Attorney General for the State of New York**,** New York, NY.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Gujarati, *J.*; Bloom, *M.J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Sam Albert Metellus, proceeding *pro se*, appeals from the district court's judgment *sua sponte* dismissing his trademark infringement action. Metellus sued Queens County Family Court judges and a support magistrate, alleging that they violated federal trademark law by using his trademark "SAM ALBERT METELLUS" in court filings and orders without permission. A magistrate judge recommended *sua sponte* dismissing the action as frivolous, or alternatively, for lack of subject matter jurisdiction. *Metellus v. Jolly*, No. 23-cv-6147, 2024 WL 4250315 (E.D.N.Y. Aug. 5, 2024). The district court adopted the recommendation to dismiss for lack of subject matter jurisdiction and *sua sponte* dismissed the action without prejudice. The district court also confirmed that even if it had jurisdiction, the court would dismiss the action for the additional reasons in the recommendation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review *de novo* the *sua sponte* dismissal of a complaint for lack of subject matter jurisdiction, *see Digitel, Inc. v. MCI Worldcom, Inc.*, 239 F.3d 187, 190 (2d Cir. 2001), and failure to state a claim. *See Fed. Defs. of New York, Inc. v. Fed. Bureau of Prisons,* 954 F.3d 118, 125 (2d

Cir. 2020). "[D]istrict courts may dismiss a frivolous complaint *sua sponte* even when the plaintiff has paid the required filing fee." *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 364 (2d Cir. 2000) (*per curiam*). However, this Court has not yet decided whether such dismissals are reviewed *de novo* or for abuse of discretion. *Id.* at 364 n.2. Because Metellus "has been *pro se* throughout, his pleadings and other filings are interpreted to raise the strongest claims they suggest." *See Sharikov v. Philips Med. Sys. MR, Inc.*, 103 F.4th 159, 166 (2d Cir. 2024).

The district court erred in concluding that it lacked subject matter jurisdiction, but even under *de novo* review, we agree with the district court that Metellus's complaint was frivolous and failed to state a claim.[1]

The court concluded that it lacked subject matter jurisdiction because Metellus did not allege that he had any federally registered trademark or copyrights that would be protected by federal laws. However, the question of whether Metellus's infringement claims were based on a state or federal trademark more appropriately went to whether Metellus stated a claim rather than the court's jurisdiction. *See Dieujuste v. Sin*, 125 F.4th 397, 399–400 (2d Cir. 2025) (discussing similar trademark infringement claim on the merits, including that the plaintiff had only alleged registration of the mark with the State, not the USPTO); *see generally Arbaugh v. Y & H Corp.*,

---

[1] Metellus failed to object to the magistrate judge's report and recommendation. However, the docket reflected that the report and recommendation was returned to the district court as undeliverable to Metellus's address. Metellus asserted that, as a result, he never received the opportunity to object. We therefore decline to conclude that he waived further judicial review by failing to object. *See Small v. Sec'y of Health & Human Servs.*, 892 F.2d 15, 16 (2d Cir. 1989) (describing notice requirements for *pro se* litigants); *see also Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 121 (2d Cir. 2022) (explaining that waiver rule is non-jurisdictional and may be excused in the interest of justice). Given the notice issue, the district court likely erred in reviewing the report and recommendation for clear error. However, *de novo* review reflects that *sua sponte* dismissal of the action was warranted. Accordingly, the district court's failure to conduct *de novo* review of the report and recommendation was harmless. *See Nambiar v. C. Orthopedic Grp.*, ___ F.4th ___ , 2025 WL 3007285, at *1 (2d. Cir. 2025).

546 U.S. 500, 511 (2006) (discussing the "the subject-matter jurisdiction/ingredient-of-claim-for-relief dichotomy").

Metellus's complaint should nonetheless be dismissed because it was frivolous and failed to state a claim for relief.

Metellus's claims for damages are frivolous because it is clear on the face of the complaint that his claims are barred by absolute judicial immunity and the Eleventh Amendment. *Cf. Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (explaining that, in the context of an *in forma pauperis* complaint, a claim is frivolous when it "lacks an arguable basis in law" or "a dispositive defense clearly exists on the face of the complaint"). "It is well settled that judges generally have absolute immunity from suits for money damages for their judicial actions." *Bliven v. Hunt*, 579 F.3d 204, 209 (2d Cir. 2009). Here, Metellus sued family court judges and a support magistrate for their judicial actions in child support proceedings against Metellus. The defendants are therefore entitled to absolute immunity from Metellus's claims for damages.

As the court further reasoned, Metellus's claims for damages against the defendants in their official capacities are barred by the Eleventh Amendment. "The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "Congress may abrogate the States' Eleventh Amendment immunity when it both unequivocally intends to do so and acts pursuant to a valid grant of constitutional authority." *Id.* (alterations accepted) (internal quotation marks and citation omitted). As relevant here, the Lanham Act did not abrogate New York's immunity. *See College Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 691 (1999).

4

We also agree with the district court that Metellus failed to state a claim for declaratory or injunctive relief. Metellus sought injunctions and declarations related to the defendants' alleged infringement of his trademarked name. To prevail on a claim for trademark infringement under the Lanham Act, "a plaintiff must establish that (1) [he] has a valid mark that is entitled to protection under the Lanham Act; and that (2) the defendant used the mark, (3) in commerce, (4) in connection with the sale . . . or advertising of goods or services, (5) without the plaintiff's consent." *1-800 Contacts, Inc. v. WhenU.Com, Inc.*, 414 F.3d 400, 406–07 (2d Cir. 2005) (internal quotation marks and citations omitted). Here, Metellus did not plausibly allege that the defendants "used his claimed mark in commerce." *Dieujuste*, 125 F.4th at 400 (internal quotation marks omitted). Moreover, to the extent that Metellus's complaint alleges copyright infringement, he failed to state a claim because "federal copyright law protects 'original works of authorship fixed in any tangible medium of expression,' not facts such as one's name." *Id.* at 399 (quoting 17 U.S.C. § 102(a)).

We have considered all of Metellus's arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5